[No. 1621.]

## JOHN GOTELLI, ET AL., RESPONDENTS, *v.* ORLANDO CARDELLI, ET AL., APPELLANTS.

DIVERSION OF WATER—IRRIGATION PURPOSES — IMPROPER EVIDENCE — FACTS AFTERWARDS ADMITTED — EVIDENCE WITHDRAWN—HARMLESS ERROR— EXTENT OF RIGHT TO USE WATER. 1. In an action for damages for the diversion of water, the admission in evidence of the judgment roll in a former action between the same parties for the purpose of showing the plaintiffs' right to maintain a dam and ditch over the defendants' land was not error, it being afterwards admitted that the plaintiffs were the owners of the dam, and had the prior right to use the water for irrigation purposes.

2. Where findings of fact in a former case were introduced, but afterwards withdrawn, and the jury instructed not to consider them, there was no error.

3. Where evidence was introduced as to damages accruing since the commencement of the suit, but afterwards withdrawn, and the jury instructed not to consider it, there was no error.

4. In an action for damages for the diversion of water, an instruction that, if it was found necessary to have a ditch full of water to irrigate certain land during either of two preceding years, then the owner was entitled to fill the ditch to its capacity during each season in the future, was improper, as the owner of land is only entitled to so much water as is necessary for that particular year, which amount necessarily varies according to the humidity of the season and the number of acres under cultivation.

APPEAL from the First Judicial District Court, Lyon County; *C. E. Mack*, Judge.

Action by John Gotelli and others against Orlando Cardelli and others. From a judgment and decree for plaintiffs, defendants appeal. **Decree modified.**

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, for Appellants:

I. The amount of water to which an appropriator is entitled is the amount actually applied for the purposes of proper irrigation. (*Simpson* v. *Williams*, 18 Nev. 432.) The first appropriator of water is only entitled to as much water as is necessary to irrigate his land, and is bound, under the law, to make a reasonable use of it. (*Barnes* v. *Sabron*, 10 Nev. 217; *Union M. & M. Co.* v. *Dangberg*, 81 Fed. 97; *Combs* v. *Ditch Co.*, 17 Colo. 146.) "When the necessity for the use of water does not exist, the right to divert it ceases." (Stats. Nev. 1899, p. 115.)

II.  The jury awarded respondents five and three-quarters miners inches of water for each acre of their irrigated land as a prior appropriation to that of appellants, and the trial court approved the verdict, and rendered its decree and injunction accordingly.  That a jury of intelligent men in the discharge of an oath-bounden duty could find such a verdict almost staggers belief, but that a court should coolly adopt such a verdict and deny a new trial in the premises is simply inexplicable.

III.  The damages awarded respondents, amounting to the sum of $775, were grossly excessive, and were doubtless intended by the jury to be commensurate with their very liberal award of water.  Being based upon an erroneous idea of the amount of respondents' appropriation of water, the judgment must fall with the decree.  The weight of the evidence, and in fact the entire evidence without substantial conflict, irresistibly leads the unbiased mind to the conclusion that the damages sustained by respondents were caused by their prodigal use of water in irrigating their crops.

*W. E. F. Deal* and *John Lothrop*, for Respondents:

I.  As a defendant has a right to make inconsistent defenses, plaintiffs were put upon their proofs as to the right to maintain their dam and ditch on defendants' land, by the denials contained in the answer to the allegations for legal relief. (*Buhne* v. *Corbett*, 43 Cal. 264; *Siter* v. *Jewett*, 33 Cal. 92, 96, 97; *Billings* v. *Drew*, 52 Cal. 568.)

II.  Courts only deal with a case as presented by the pleadings and the evidence, and a perpetual injunction does not fix the right of the parties to this action except so long as the same quantity of water is necessary to irrigate plaintiffs' land. (*Brown* v. *Ashley*, 16 Nev. 319, and authorities cited.)

III.  The amount of water this ditch would carry is immaterial if the full ditch was necessary to the proper irrigation of plaintiffs' land.  The testimony of the witnesses for plaintiffs was positive as to the effect that all the water the ditch will hold is necessary to properly irrigate their crops.

IV.  A perpetual injunction against the wrongful acts of appellants was asked upon a pleading which authorized one, if the evidence sustained the pleadings.  The evidence showed

not only an invasion of respondents' rights, but that they would and did carry out their threats in 1900 after the suit was brought. "In such case it is not necessary to show actual damages, or a present use of the water, in order to authorize a court to issue an injunction and make it perpetual." (*Brown* v. *Ashley*, 16 Nev. 316, and authorities cited.)

*Torreyson & Summerfield*, for Appellants, in reply:

I. There is no inconsistency in the appellants' defenses as claimed to be by respondents. Appellants' admission was not limited to their answer of respondents' alleged equitable cause of action, but clearly applied to the complaint as an entirety. Under the Nevada statutes pleadings are liberally construed, with a view of giving effect to the palpable intentions of the pleader. In any event the arguments made by respondents' counsel do not appear to be borne out by the authorities which he cites. They seem to apply only to answers in which there are separate defenses pleaded separately, and of which one is purely negative and the other affirmative. (*Miles* v. *Woodward*, 115 Cal. 308.)

II. The main fact in this appeal—to wit, that the jury awarded and the court decreed five and three-quarters miners inches of water to the acre of land to respondents, and that appellants are enjoined from molesting such flow of water regardless of their necessities and the irrigation of their lands—remains of record.

III. In submitting this appeal counsel for appellants again urge that both the evidence of this particular case and the general policy of all law upon the great economic question of the proper use of water imperatively requires that this verdict and decree be unsanctioned by this court.

### ON PETITION FOR REHEARING.

*Torreyson & Summerfield*, for Petitioner:

I. This court in its opinion in this case has announced the correct principle of the law, to wit: "The law is that an appropriator is only entitled to so much water economically used within his appropriation as is necessary to irrigate his land. * * * The decree as entered, in effect, allows respondents all the water their ditch will carry during the

irrigating season of each year irrespective of its necessity. * * * In this respect the decree is erroneous and must be modified by eliminating therefrom all directions touching any fixed quantity or volume of water to be taken in plaintiffs' ditch." It is true plaintiffs are only entitled to so much water as is necessary to properly irrigate their lands; the use must be an economic use; there must not be a lavish use of water. The law even goes to the extent that persons must have the best appliances and keep their ditches in the best of repair, so that the use may be economic.

II. The court has said the decree must be modified by eliminating therefrom all directions touching any fixed quantity or volume of water, but the court has not fixed the amount or quantity of water to which the plaintiffs are entitled. In this respect the judgment of the court is unsatisfactory. No amount is fixed. It now remains with defendants to say how much water they will allow to flow down to plaintiffs. If plaintiffs are dissatisfied with the amount defendants turn down, more litigation will ensue, and great expense be incurred, and we urge upon the court that its decree be so modified as to name and fix a definite quantity of water to which the plaintiffs are entitled, and thus end for all time this litigation, and determine the rights of the respective parties.

III. If plaintiffs had a sufficient amount of water to irrigate their lands, and did not use it in an economic manner, they were not entitled to any damages, and we earnestly urge upon this court to fix the amount of water to which plaintiffs are entitled—the amount, by an economic use of which would be sufficient to irrigate their 142 acres of land.

By the Court, BELKNAP, J.:

This is an action for damages for the diversion of water. Respondents are the owners of lands upon the Carson river, and have the prior right to divert so much of the waters thereof flowing through a described ditch situated upon defendants' lands, higher up the river, as is necessary to irrigate 142 acres of land. A jury assessed the damages at $775.

1. The first assignment of error is the admission in evidence of the judgment roll in a former action between the

same parties. The purpose of this evidence, as shown by an instruction of the court, was to establish respondents' right to maintain a certain dam and ditch over appellants' lands. Afterwards it was admitted that respondents were the owners of the dam and ditch, with the prior right to the use of so much of the water as was necessary to irrigate the quantity of land as the proof should establish. Appellants having admitted the facts which this evidence tended to prove, its admission was not prejudicial.

2. The findings of fact in the former case were also introduced in evidence, but were withdrawn by respondents, and the court instructed the jury not to consider them. A similar motion and instruction were made and given touching evidence of damages accruing since the commencement of the suit.

3. Respondents' instruction No. 5, as modified, reads as follows: "If you believe from the evidence that it was necessary that plaintiffs should have sufficient of the waters of the Carson river to fill their ditch to its full capacity during the irrigating season of 1898 and 1899, or either of said years, in order to have irrigated their crops properly on the lands irrigated for crops for five years prior to the commencement of this action, then your verdict should find that the plaintiffs are entitled to sufficient of the waters of Carson river to fill their ditch to its capacity during the irrigating season; and, in determining the matter, it is your duty to compare your knowledge and experience with the evidence in the case, and determine what the fact is." It was shown that the amount of land under cultivation in the years 1898 and 1899 was 142 acres. The carrying capacity of the ditch was about 1,200 miners' inches. Some of plaintiffs' witnesses testified that a full ditch of water was necessary to irrigate the growing crops. This liberal allowance may not be necessary in seasons of more humidity, or in years when the cultivated area is less.

The law is that an appropriator is only entitled to so much water, economically used, within his appropriation, as is necessary to irrigate his land. The necessary amount of water varies with the seasons. The decree, as entered, in effect allows respondents all the water their ditch will carry

during the irrigating season of each year, irrespective of its necessity, and enjoins appellants' interference therewith. In this respect the decree is erroneous, and must be modified by eliminating therefrom all directions touching any fixed quantity or volume of water to be taken in plaintiffs' ditch. The error in the instruction does not affect the verdict returned by the jury, and will not necessitate a reversal of the case.

The cause is remanded to the district court, with directions to modify and amend its decree in compliance with these views, and when so amended the judgment and decree will be affirmed. Each party to pay his own costs in this court.

*Per Curiam:*
Rehearing denied.